Case 4:22-cv-01248   Document 30   Filed on 08/30/23 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
August 30, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARCELLO BARRON COMACHO, § § Plaintiff, § § v. § § R+L CARRIERS SHARED SERVICES, § LLC, § § Defendant. § § | CIVIL CASE NO. H-22-1248 |

**MEMORANDUM AND OPINION**

Marcello Barron Comacho sued his former employer, R+L Carriers Shared Services, LLC, after he was terminated in July 2019. Mr. Comacho had been working as a driver for R+L Carriers since 2006. (Docket Entry No. 1 at ¶ 15). In February 2019, he was diagnosed with colon cancer, and in March 2019, he began a medical leave of absence. (*Id.* at ¶ 18). When Mr. Comacho asked R+L Carriers for a part-time position, for which he was medically cleared, he was informed that no part-time work was available. (*Id.* at ¶ 21). In July 2019, after Mr. Comacho's FMLA medical leave exhausted, he was terminated because he had "no foreseeable return date[.]" (*Id.* at ¶ 28). He filed this suit, alleging disability discrimination, failure to accommodate, and retaliation under the Americans with Disabilities Act.

R+L Carriers moved for summary judgment in February 2023, on the basis that Mr. Comacho did not have a valid Department of Transportation medical clearance and therefore was not a "qualified individual" under the ADA. (Docket Entry No. 19). Mr. Comacho responded in March, and R+L Carriers replied. (Docket Entry Nos. 21, 22).

Based on the parties' briefing, the summary judgment evidence, the record, and the relevant law, the court grants R+L Carriers' motion for summary judgment.  Final judgment is separately entered.  The reasons are set out below.

I.      **The Rule 56 Standard**

"Summary judgment is appropriate where 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Springboards to Educ., Inc. v. Pharr-San Juan-Alamo Indep. Sch. Dist.*, 33 F.4th 747, 749 (5th Cir. 2022) (quoting Fed. R. Civ. P. 56(a)).  "A fact is material if it might affect the outcome of the suit and a factual dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Thompson v. Microsoft Corp.*, 2 F.4th 460, 467 (5th Cir. 2021) (quoting reference omitted).  The moving party "always bears the initial responsibility of informing the district court of the basis for its motion[] and identifying" the record evidence "which it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"When 'the non-movant bears the burden of proof at trial,' a party moving for summary judgment 'may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is [a dispute] of material fact warranting trial." *MDK S.R.L. v. Proplant Inc.*, 25 F.4th 360, 368 (5th Cir. 2022) (alteration in original) (quoting reference omitted).  "However[,] the movant 'need not negate the elements of the nonmovant's case.'" *Terral River Serv., Inc. v. SCF Marine Inc.*, 20 F.4th 1015, 1018 (5th Cir. 2021) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam)).  "If 'reasonable minds could differ' on 'the import of the evidence,' a court must deny the motion." *Sanchez v. Young County*, 956 F.3d 785, 791 (5th Cir. 2020) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250–51 (1986)).

After the movant meets its Rule 56(c) burden, "the non-movant must come forward with 'specific facts' showing a genuine factual issue for trial." *Houston v. Tex. Dep't of Agric.*, 17 F.4th 576, 581 (5th Cir. 2021) (quoting references omitted). The nonmovant "must identify specific evidence in the record and articulate the 'precise manner' in which the evidence" aids their case. *Shah v. VHS San Antonio Partners, L.L.C.*, 985 F.3d 450, 453 (5th Cir. 2021) (quoting reference omitted). All reasonable inferences are drawn in the nonmovant's favor. *Loftin v. City of Prentiss*, 33 F.4th 774, 779 (5th Cir. 2022). But a nonmovant "cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Jones v. Gulf Coast Rest. Grp., Inc.*, 8 F.4th 363, 369 (5th Cir. 2021) (quoting reference omitted).

### III.   Analysis

Section 12112(a) of the ADA states:

> No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

42 U.S.C. § 12112(a). A "qualified individual" is one who can perform the essential functions of a job, with or without reasonable accommodation. 42 U.S.C. § 12111(8). A "reasonable accommodation" may include either "(A) making existing facilities . . . readily accessible" or "(B) job restructuring, part-time or modified work schedules, reassignment to a vacant position, . . . training materials or policies . . . and other similar accommodations[.]" 42 U.S.C. § 12111(9)(A)–(B). The Act "does not require affirmative action in favor of individuals with disabilities," but it does "prohibit[] employment discrimination against qualified individuals with disabilities, no more and no less." *Turco v. Hoechst Celanese Corp.*, 101 F.3d 1090, 1094 (5th Cir. 1996).

In the Fifth Circuit, a plaintiff must show that he or she is a qualified individual to prevail on a discrimination or failure to accommodate claim. *Neely v. PSEG Texas, Ltd. P'ship*, 735 F.3d

3

242, 245–57 (5th Cir. 2013). R+L Carriers has moved for summary judgment on the basis that Mr. Comacho was not a "qualified individual" under the ADA at the time of his termination. (Docket Entry No. 19). Because Mr. Comacho drove trucks, he had to comply with all DOT regulations governing commercial motor vehicle drivers. These regulations state that drivers must meet "physical qualification standards," as certified by medical examination. 49 CFR § 391.41(a)(3). "Any driver whose ability to perform his or her normal duties has been impaired by a physical or mental injury or disease" must be medically examined and certified before he or she can be qualified to operate a commercial motor vehicle. 49 CFR § 391.45(g).

In *Williams J.B. Hunt Transp., Inc.,* 826 F.3d 806, 810 (5th Cir. 2016), Williams, a truck driver, was diagnosed with a heart condition and took medical leave. His DOT medical clearance was subsequently "rescinded until further clarification [was] received in regard to his medical problem." *Id.* at 809. When Williams's medical leave expired, his employer terminated him. "At the time he was terminated, Williams was not certified under DOT medical standards . . . he was not qualified for his job under the ADA[.]" *Id.* at 813. The court rejected Williams's employment discrimination claim under the ADA because "an employment action based upon an employee's . . . inability to satisfy DOT medical standards does not violate disability discrimination laws." *Id.* at 811. Other circuits have agreed that drivers who do not have DOT medical certification are not qualified employees under the ADA. *See, e.g., Bay v. Cassens Transp. Co.*, 212 F.3d 969, 971 (7th Cir. 2000); *King v. Mrs. Grissom's Salads, Inc.*, 187 F.3d 636, 636 (6th Cir. 1999).

It is undisputed that Mr. Comacho's ability to perform his normal duties was impaired following his colon cancer surgery; that he voluntarily went on medical leave; and that his DOT medical certification was suspended during this time. (Docket Entry No. 21 at 6). Several weeks after his surgery, Mr. Comacho alleges that he was cleared "to work part time as a light duty

restriction," but he does not allege that he was recertified as meeting the physical qualification standards for commercial motor vehicle drivers. (*Id.* at 6–7). It is also undisputed that at the time of his termination, Mr. Comacho had not been medically recertified to operate a commercial motor vehicle after his "ability to perform his or her normal duties ha[d] been impaired by a physical or mental injury or disease." 49 CFR § 391.45(g). Mr. Comacho did not obtain medical recertification until July 2020. (Docket Entry No. 21 at 7).

Mr. Comacho claims that while he did not qualify to drive a truck, his employer could have given him a light duty position or put him on extended medical leave. (*Id.* at 8). But whether alternative positions were available in the company is not a factor in determining whether Mr. Comacho was a qualified individual for his job as the driver of a commercial motor vehicle. Mr. Comacho has not alleged that any specific light duty position was available at the time he requested accommodations. *See Wade v. Brennan*, 647 F. App'x 412, 415 (5th Cir. 2016) ("[Defendant] was not required to 'exempt [plaintiff] from performance of an essential function of the job,' [or] to 'find or create a new job' for her[.]" (quoting *Jones v. Kerrville State Hosp.,* 142 F.3d 263, 265 (5th Cir. 1998); *Munoz v. H & M Wholesale, Inc.*, 926 F. Supp. 596, 608 (S.D. Tex. 1996) ("Changing movant from a laborer to a 'light duty' worker is not a reasonable accommodation to assist in the performance of his job; it is a completely different job." (citing *Johnson v. City of Port Arthur*, 892 F. Supp. 835 (E.D. Tex. 1995)).

Mr. Comacho also claims that "the record evidence is devoid of any evidence that [he] was not qualified because he lacked DOT medical clearance when the record actually shows that [he] voluntarily suspended his DOT medical card[.]" (Docket Entry No. 21 at 11). Whether Mr. Comacho's DOT medical clearance was voluntarily or involuntarily suspended is not relevant.

5

Because Mr. Comacho did not qualify for his job as a driver at the time of his termination, he cannot prevail on his discrimination or failure to accommodate claims.

The ADA also prohibits an employer from retaliating against an individual who has "participated in an activity protected under the [ADA]." *Austgen v. Allied Barton Sec. Servs. LLC*, 815 F. App'x 772, 776 (5th Cir. 2020) (citing *McCoy v. City of Shreveport*, 492 F.3d 551, 556–57 (5th Cir. 2007)); 42 U.S.C. § 12203. "To establish a *prima facie* case of unlawful retaliation under the ADA, the plaintiff must show that: (1) she engaged in an activity protected by the ADA, (2) she suffered an adverse employment action, and (3) there is a causal connection between the protected activity and the adverse action. If the employee establishes a *prima facie* case of retaliation, the employer must come forward with a legitimate, nondiscriminatory reason for its action. If the employer meets its burden of production, the employee must then demonstrate that the proffered reason is a pretext for retaliation." *Lyons v. Katy Indep. Sch. Dist.*, 964 F.3d 298, 304 (5th Cir. 2020) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)).

"[A] request for a reasonable accommodation under the ADA may constitute engaging in a protected activity." *Tabotchnik v. Cont'l Airlines*, 262 F. App'x 674, 676 (5th Cir. 2008). Mr. Comacho alleges that because he asked for a light duty accommodation in close temporal proximity to his termination, he has made a *prima facie* showing of retaliation. (Docket Entry No. 21 at 16). But even if this showed causation, Mr. Comacho has not shown that R+L Carriers' legitimate, nondiscriminatory reason for his termination—his failure to meet DOT's medical clearance requirement—is pretextual. Mr. Comacho argues that his termination was pretextual because R+L Carriers could have allowed him to go on extended medical leave because "there were enough extra drivers to cover Plaintiff's route." (*Id.* at 14). R+L Carriers has claimed, and Mr. Comacho has not countered, that it provided over a month of additional medical leave after

6

Mr. Comacho used up his FMLA medical leave. (Docket Entry No. 21-4 at 1). The fact that R+L Carriers may have been able to accommodate further medical leave is not evidence that its expressed reason for termination was pretextual. R+L Carriers was not obligated to continue employing Mr. Comacho following the end of his medical leave if Mr. Comacho could not obtain his DOT medical clearance.

      The motion for summary judgment, (Docket Entry No. 19), is granted. Final judgment will be separately entered.

      SIGNED on August 30, 2023, at Houston, Texas.

                                            _____
                                                       Lee H. Rosenthal
                                                  United States District Judge